IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

      Plaintiff,                    No. CIV S-10-0985 JAM KJM P

    vs.

SOLANO COUNTY JAIL,

      Defendants.           <u>ORDER</u>

                      /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $0.72 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1 preceding month's income credited to plaintiff's prison trust account.  These payments will be
2 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3 account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief
5 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8 be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9 U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in
11 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.
14 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17        In order to avoid dismissal for failure to state a claim a complaint must contain
18 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
19 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
20 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
21 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
22 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
23 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
24 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
25 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
26 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

2

(2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint too vague to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint if he is able to do so while complying fully with Federal Rule of Civil Procedure 11.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff names the Solano County Jail as defendant.  Plaintiff is informed that a municipality cannot be held liable under 42 U.S.C. § 1983 based upon a theory of respondeat superior.  Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978).  Rather, a municipality can only be held liable under § 1983 if some official policy adopted by the municipality resulted in a violation of constitutional rights.  Id.  Put another way, plaintiff will not be allowed to proceed against the jail unless plaintiff specifically alleges his Constitutional rights were violated pursuant to a jail policy as opposed to the actions of individual jail employees.

1        Plaintiff also is informed that he must exhaust available administrative remedies
2 with respect to any claim regarding jail conditions before bringing that claim in federal court. 42
3 U.S.C. § 1997e(a).  Plaintiff's admission in his amended complaint of failure to exhaust
4 available administrative remedies prior to bringing this action appears to provide grounds for
5 dismissal.  See Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003).

6        Finally, plaintiff is informed that the court cannot refer to a prior pleading in
7 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
8 complaint be complete in itself without reference to any prior pleading.  This is because, as a
9 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
10 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
11 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
12 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13        In accordance with the above, IT IS HEREBY ORDERED that:

14        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

15        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 Plaintiff is assessed an initial partial filing fee of $0.72.  All fees shall be collected and paid in
17 accordance with this court's order to the Solano County Jail filed concurrently herewith.

18        3. Plaintiff's complaint is dismissed.

19        4. Plaintiff is granted thirty days from the date of service of this order to file an
20 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
21 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
22 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
23 /////
24 /////
25 /////
26 /////

1 an original and two copies of the amended complaint; failure to file an amended complaint in
2 accordance with this order will result in a recommendation that this action be dismissed.
3 DATED: June 17, 2010.

_____
U.S. MAGISTRATE JUDGE

1
bak0985.14(5.18.10)

5