IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY BAKER,

    Plaintiff,                     No. CIV S-10-0985 JAM CKD P

    vs.

SOLANO COUNTY JAIL, et al.,

    Defendants.                <u>ORDER</u>

/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The operative amended complaint, filed on July 15, 2010, alleges that defendants have failed to accommodate plaintiff's practice of his religion. Pending before the court is defendants' May 20, 2011 motion to compel discovery responses from plaintiff, whom they claim has responded neither to their March 15, 2011 discovery requests nor a May 9, 2011 meet and confer letter urging him to respond. Defendants also seek an award of attorneys' fees to reimburse their filing the motion to compel. (Dkt. No. 24 ("Mtn.").)

        On June 2, 2011, plaintiff filed a one-page opposition to the motion to compel stating that "defendants were sent admissions, interrogatories and documents they requested on time for this case. . . . I have complied and responded to their discovery requests." (Dkt. No. 26 "Opp.".) He requested that he "be allowed to send the discovery to this case to the court to

1

1 avoid further delay[.]" (Id.)

2    In their June 3, 2011 reply (Dkt. No. 27), defendants asserted they never received
3 plaintiff's discovery responses and opposed his proposal to file his discovery responses with the
4 court.[1]  The relevant background to this discovery dispute, set forth in defendants' motion and
5 reply, is as follows: This case is one of eight cases plaintiff has filed against the Solano County
6 Jail and its staff, and the third such case that has recently required a motion to compel due to
7 plaintiff's failure to provide discovery responses.  The other two cases are Baker v. C/O Smith, et
8 al., CIV S-10-1208 FCD KJN P (in which defendants' motion for summary judgment is currently
9 pending) and Baker v. Solano County, et al., CIV S-10-1811 KJN P (in which dispositive
10 motions are due December 9, 2011)[2].  In both cases, after defendants filed a motion to compel,
11 plaintiff ultimately provided discovery responses following issuance of a court order threatening
12 to dismiss the case if plaintiff failed to do so.  (CIV S-10-1208 KJN P, Dkt. Nos. 57, 62; CIV S-
13 10-1811 KJN P, Dkt. No. 36, 44.)

14    Having limited resources to expend on yet another round of litigation concerning
15 plaintiff's apparent inability to meet a discovery deadline, this court will adopt the approach
16 taken by the honorable Magistrate Judge Kendall J. Newman in a similar dispute earlier this year:

> First, plaintiff has failed to demonstrate, with probative evidence,
> that he provided any discovery responses to the discovery requests
> at issue here.  For example, plaintiff could have provided the court
> copies of the discovery responses he alleges he (or someone else)
> gave to prison officials for mailing.  Second, plaintiff has failed to
> provide a proper proof of service, signed under penalty of perjury,
> attesting to the service of discovery responses[.] . . .
>
> In any event, defendants still do not have their discovery responses.
> The court is aware that mail can get lost.  However, litigants are
> required to cooperate in the discovery process, which means if a

---

[1] On September 8, 2011, plaintiff filed a one-paragraph statement, listed on the docket as a motion to modify the scheduling order, stating that he "already complied with the defendants' request for discovery" and asking the court to "check [its] file" to confirm this. (Dkt. No. 30.)

[2] The undersigned takes judicial notice of these court records. See Fed. R. Evid. 201(b); United States v. Bernal–Obeso, 989 F.2d 331, 333 (9th Cir. 1993).

party does not receive a document filed by the responding party, the responding party is required to provide another copy, particularly where the litigant has no other avenue through which to obtain the document. . . . Plaintiff must extend [this] courtesy to defendants. Moreover, this court does not intend to serve as the conduit for plaintiff's discovery responses when or if there is a quarrel about receipt of responses. Plaintiff is cautioned that failure to cooperate in the discovery process may result in the imposition of sanctions, including a recommendation that this action be dismissed.

Therefore, defendants' motion to compel is partially granted. Plaintiff, personally, shall serve on counsel for defendants, within fourteen days, a copy of the discovery responses plaintiff allegedly served [at some unspecified earlier date] by hand-delivering it to the appropriate prison official for placing it in the U.S. Mail. Plaintiff shall include a proof of service, properly completed, and signed by plaintiff under penalty of perjury. Plaintiff shall file a copy of the completed and signed proof of service attesting to such service with the court, placing it in the hands of prison officials for mailing on the same day plaintiff serves the discovery responses on counsel for defendants. <u>Plaintiff is advised that failure to timely comply with this order shall result in a recommendation that this action be dismissed based on plaintiff's failure to cooperate in the discovery process.</u> After the fourteen day period expires, the court will address defendants' request for expenses.

<u>Baker v. Solano County Jail</u>, CIV S-10-1811 KJN P (Dkt. No. 36, order issued May 31, 2011) (emphasis added).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' May 20, 2011 motion to compel plaintiff to provide discovery responses (Dkt. No. 24) is partially granted; within fourteen days from the date of this order, plaintiff, personally, shall serve on counsel for defendants a copy of the discovery responses plaintiff allegedly served at some unspecified prior date, by hand-delivering it to the appropriate prison official for placing it in the U.S. Mail. Plaintiff shall include a proof of service, properly completed, and signed by plaintiff under penalty of perjury. Plaintiff shall file a copy of the completed and signed proof attesting to such service with the court, placing it in the hands of prison officials for mailing on the same day plaintiff serves the discovery responses on counsel for defendants. Failure to timely comply with this order will result in a recommendation that this

1 | action be dismissed based on plaintiff's failure to cooperate in the discovery process;

2 |     2. After the expiration of the fourteen day period, the court will address defendants' motion for attorneys' fees; and

4 |     3. Plaintiff's September 8, 2011 motion to modify the scheduling order (Dkt. No. 30) is denied.

Dated: November 21, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
bake0985.mtc.